Arnold Donald Daniel I'm sorry kind of I versus superintendent hello hello is God with us this morning the most would say God is always with us I don't know where that came from the gentleman who is going to be appearing by phone okay you mr. oh good morning morning are you able to hear the the judges in the bench no movie no peace the kids in the audience will understand that did you hear that okay well if we get to a point and we can hear you all right if we get to a point and it appears from things dropping out of the conversation that you're not hearing this please let us know and we'll see what we can do to I can hear you but I'm having trouble understanding so I think I think I'm not following the next out of it yet is it because I'm mumbling was it because to bad transmission or both a little bit on the mumbles side all right okay well my kids are my wife is you might as well drain the crew I'll try to enunciate more they want to try starting the first matter then mrs. idiot morning please support my name is Adrian well and I'm a supervising attorney at the Duquesne University federal litigation clinic and I'm very pleased this morning to have with me Chloe Vivian and Casey Rankin they're both third-year law students at Duquesne and they have been specially admitted by the court to argue today's case on behalf of a talent Daniel okay thank you very much we appreciate you mr. to the court as well as the students being willing to help us out today thank you thank you whenever you're ready my name is Chloe Vivian and along with co-counsel Casey Rankin I represent the appellant in this matter Daniel Carnival I will be discussing why appellate counsel's failure to certify essential documents and to state appellate records fell below a standard of objectives reasonable reasonable then what what exactly what exactly were the essential documents was it the fact that the the second motion for a nominal bill was not included or what what exactly the documents you're talking about denying burns of initial motion for nominal bond prior to trial the following trial the criminal information in his underlying case and also the sentencing guideline sheet which indicated that he should have received benefits of 24 to 36 months for those charges can I ask you to specify your your theory here because it wasn't clear to me whether your argument was that the documents that were incorrectly filed meant that the verdict was against the weight of the evidence or whether you were arguing that they were after discovered evidence that entitled your client to a new trial or whether you were trying to say this was a Brady violation or some combination of those what are you what are you trying to get at what's the claimed theory of effectiveness here claim on direct appeal with the way it is superior of course because he failed to attach the documents to the certified record well it's speculative but however it can be reasonably inferred that there likely was a deal in place therefore which would have been a violation of Brady and that's a good case is comparable to this court decision in common excuse me grandi locket whereas in here there was only one witness who is able to directly implicate the defendant in the crime and there the court held that absence of a quid pro quo deal prior to trial was not dispositive and finding that there was not a Brady violation and here was that you had a witness as you're saying the only identifying witness who unbeknownst to defense counsel at the time was actually on probation at the time he testified and it was held that that was significant in terms of possible impeachment there's nothing to suggest here that his name is Burns that Burns was facing at the time he testified the bridge is facing criminal charges that the defense did not know about wrong examined about his possible criminal liability he was cross-examined your Honor and on that cross-examination he said that he stated that there was quote nothing you could offer me and to the contrary he did move for nominal bond prior to the trial and then subsequently testifying on behalf of the Commonwealth very favorably he received a motion for nominal bond was later granted and he was given a parole sentence rather than fulfilling the rest of his time and incarcerated you know the DA opposed the initial motion for bond you know and not oppose the second one because that was something to be consistent with your argument but if the DA opposed both this guy going bond that's a very different situation is that without bond your Honor could you repeat the question I'm sorry yeah the problem having is understanding if the first motion for nominal bail was bail was made and the DA opposed it that was denied a couple weeks after he testifies the same motion is made and the DA does not oppose it now that to me would be significant but I'm wondering if that's what is in the record or if the DA opposed both motions and the judge simply decided to grant the second motion your Honor the second motion was received no opposition from the Commonwealth did the first motion I'm not sure about your Honor that's important though isn't it what if the Commonwealth didn't oppose the first motion when this guy's gonna be a witness for them they're not going to oppose the motion the judge denies it second time he files it the judge grants it but the position of the prosecution hasn't really changed that wouldn't suggest any kind of a deal between the prosecutor and the witness your Honor the timeline is suggested the fact that he was given this favorable treatment following his favorable testimony so regardless of who was able to give him that favorable treatment whether it's a Commonwealth prosecutor here or the court the fact remains that the fundamental unfairness that being provided to the record provided on the record to the Superior Court is reflective of the standard that Constable Strickland v. Washington requires his or her mind the judge may have decided look this guy's testifying he's not the same risk of flight that he was a couple of weeks ago I'm gonna go ahead and grant the bond would be helpful if there's something on the record to negate that as a possibility because if there isn't I don't know how you can get on the prejudice floor assuming that your effectiveness argument is made out on the record and then you get to point to how do you get past one two if there's no way of knowing whether or not he was released because of something the judge did on his or her own or because of something that would suggest that there was an understanding of the part of the prosecutor that should have been made known to the fact finder during the during your client's trial we're gonna discuss this in theory of ferns and providing his testimony and at trial he stated that he was merely coming forth because quote three people died for $100 now it's untrue regardless of his motivation and who he was attempting to receive treatment from he did in fact receive that treatment and I just quote stated in grantee locket the un and uncompleteness or lack of a promise of a quid pro quo deal from the Commonwealth is not indicative of the fact that he had no motivation to the contrary it provides further motivation for him to provide testimony that's favorable to the common welfare even even if that's true in grant we were dealing with an alleged ineffectiveness against trial counsel and this is alleged ineffectiveness of appellate counsel that you're charging here and to Pennsylvania courts the PCRA trial court and the PCRA appellate court the Superior Court have looked at this and determined that those burn documents would not have entitled carnival your client to a new trial under state law and I've tried to find where you make some argument that calls that state law determination into question if we've got a review by them on the merits by two state courts that in effect say even if those were in it wouldn't change the outcome here how how do you how do you when you're charging appellate counsel with ineffectiveness make the case that their outcome would have been different now I understand that's a prejudice question might go to your colleague but do you have anything to add on that yes in his brief failed to mention any in any violation excuse me any contrary evidence to strickland-1 being violated just as all judges that have looked at this case have found that strickland-1 was violated to the extent of the prejudice song he focuses on simply the remedy being different than that which was requested in appellant's brief however this is of no consequence under a strickland claim as it focuses on the overall fundamental fairness of the procedural of procedural mechanism well no this is here it's huge because this is we're right here under the double deference of strickland and edpa right we have to defer to state court determinations there's a state court determination on the merits where have you argued that that state court determination on the merits is clearly erroneous or contrary to or an established federal law under Supreme Court precedent well in grantee locket this court was interpreting Supreme Court precedent and Davis in stating that the ability to cross-examine a witness would have a strong impeachment evidence is crucial to the jury's ability to determine whether that was so there was Supreme Court law in hand that was the Davis case that you've mentioned and there was no ability to cross-examine because there was something there that nobody knew about defense counsel couldn't cross-examine on it and we held the existence of a deal was not as important as the witnesses belief that he or she may gain a better deal by occurring favor with the prosecution here though you don't really have that because as you said earlier was extensively cross-examined on his potential criminal liability that takes it away from Davis it's not Davis v. Alaska scenario anymore well the very strong evidence that he was given favorable treatment only surfaced following the trial which is why the timeline is certainly different from Commonwealth be strong and also in grantee locket whether this is not a simply a Brady claim violation here this is ineffective assistance of counsel and as such his ability to include those documents provided that the court at the Superior Court excuse me on direct appeal was unable to determine whether that strong impeachment evidence should have been included and should have allowed him to remand for a new trial and should this court find that Strickland wanted to the Superior Court did look at this on PCRA review and said it wouldn't have made a difference that's you you have to give us what you gotta give me something to understand about why that's wrong why under the epideference we owe that determination which then is doubly deferential based on the fact that we're on a Strickland review is it should be something that we override what's your pitch for overriding a state law determination on the merits about prejudice well the first assumption here that the tax any type of strategic error strategic move on part of the attorney is not an effective assistance but as I said it rather strategy that is negated here by the fact that Walker did attempt to include these documents on his brief to be considered so that presumption of a strategical move is therefore about it the other aspect of whether there has been an unreasonable error by the Superior Court is the fact that aside from the testimony of the Sean Burns here all we have is the fact that he was present in his own neighborhood at a time when everyone else in the neighborhood was also outdoors looking at the fire happening the only testimony placing him there was in fact was in fact that of a person who despite having known him his entire life only came forward with and it being able to identify him almost 12 years after the crime well we can give you that the evidence is is pretty weak in fact one might just agree with you completely that perhaps the case the evidence was very very thin indeed but that how does that get you past the state law determination you've you've got an extraordinary hurdle to get past there and it's not enough for you to say you would have weighed the evidence differently or I would have weighed the evidence differently because you're you're sliding around on me a little bit my question was about prejudice and weight of the evidence now you're talking about after discovered evidence that's a specific point of Pennsylvania state law correct ok and you've got to Pennsylvania State courts who have applied Pennsylvania State law and said this wouldn't be after discovered evidence at least that was the view of the trial PCRA trial court in the Superior Court upheld that and added another reason of its own so why would we overturn state law determination by a state court unreasonable application it's state law not federal law right so how does unreasonable application of federal law come into it at all there's no prejudice federal law it's unreasonable application to require a quid pro quo deal during trial that evidence only surfaced in these documents that a public counsel failed to certify into the record on appeal I'm not sure I follow you it's a it is this you are making a claim about state law that the this evidence constitutes after acquired evidence under Pennsylvania State law to Pennsylvania State courts have looked at and said you're wrong how is that an determination applying the second column of Strickland saying that there's no prejudice for the failure to include that evidence well they said that because of the cross-examination and if that's assuming that's true in the deference that we owe under Edburgh then how is that an unreasonable application of the second column of Strickland because there was a very aggressive cross-examination on a reason to lie calling him a jailhouse snitch your honor again these documents that indicate the fulfillment of a deal of fulfillment of favorable treatment in terms of a substantially reduced sentence regarding his pending charge the sentence wasn't that substantially reduced the guidelines and when you say into the standard range of guidelines was 24 to 34 months he got 11 and a half to 23 months it is haven't been a state court judge for 10 years almost often criminal court it is incredibly common for a state court judge to give an 11 and a half to 23 month sentence because it's a county sentence it keeps the person out of the state penitentiary system in here where the sentence assuming it's a standard range of the standard range is 24 that would mean the standard range would be a sentence of two to four years instead of two to four years he got basically 11 and a half to little less than two years I don't know what the mitigated range I didn't check the state guidelines but assuming the mitigated range and a 24 month sentence is substantially less than that he may well have been sentenced to the mitigated range of the guidelines which in that would be very consistent with him simply have I haven't cooperated that I don't I don't see the big deal that you're arguing there's a big deal not in terms of the importance of it but the break I don't see the substantial break that he got and when he got a county sentence after he testified and the standard range of the guidelines probably suggested something very close to a county sentence and must have because the 24 month sentence is the least severe state sentence that could be imposed any lowering of that range will get you into a county sentence which is what he got the maximum county sentence 11 and a half to 23 months the timeline here is very suggestive there's no apparent mitigating factors other than Burns's role as a cooperating witness in Carnival's case that's a big mitigation factors for a sentencing judge that could be a big mitigating factor and even if it wasn't if we disagreed with that we then have the deference that kicks in and the state court looked at it and suggested that it wasn't such a great break as to constitute a reasonable application of the second point of Strickland because you hadn't shown a violation of the second point of Strickland there are two deals here one is the deal on nominal bail and I'll ask Mr. Schuster about that and the other one is the sentence that he got the sentence I'm not saying we're not talking about somebody who was living at a maximum of life and he walked it's not what we're talking about we're talking about someone with a standard range of the guidelines assuming I'm correcting that assumption was two to four years and he got eleven and a half months to a little under two years instead that to me is not a unwritten deal here and the sentencing judge looked at the fact that he got a cooperating witness and cut him a break I'm not not sure the record substantiates anything more than that at least in the state reviewing court's eyes it didn't but I'm not I'm still looking to see why the state court was wrong about that well your honor the answer part of that there um during cross-examination Mr. Byrne said that there's nothing you can offer me I'm getting out in three weeks I have time served if he was unaware of any treatment then his testimony is false if there's no deal in place or if he was not receiving any favorable treatment from the Commonwealth as he testified then these documents would contradict that and call into question the reliability of his entire testimony and again that goes into the totality of the record this is the only witness who was able to connect Mr. Carnival to the arson and this would go to the weight of the evidence if the only if the only witness who was able to connect that I'm going to say the first time they actually served I know what his sentence was how long was he actually in Burns your honor he was after being released on nominal bond days after the trial he never went back into prison how long was he in on the bond how much time did he sit in jail how long he was in prison for 14 months your honor prior to prior to the trial prior to his okay his sentencing he was paroled for the remainder of the 11 and a half to 23 months okay thank you very much I don't think you did very good okay mr. Schuster let us know if you're not even the US or mr. Schuster during the appellee's argument morning your honors may it please the court Cory Schuster on behalf of I think it's especially important that you speak into the mic oh I apologize judge good morning your honors Cory Schuster on behalf of Apple ease in this matter I am an employee of the assistant district excuse me I'm an employee of the Allegheny County District Attorney's Office which prosecuted this matter does it seem strange that what I don't know why somebody would file a motion they had just been denied two weeks earlier why would you follow it again unless there was some reason to think these also be different this time that was before well your honor let me start by answering the question that you asked during the debate we tell me what you want to say well it has it all has to it's all wrapped together your honor in that it deals with the Commonwealth object to this and there's nothing in the record to show that the Commonwealth took any position of this matter and this is why I so extensively argued in our brief about what remedy would the appellee be entitled to or excuse me appellant be entitled to if we assume there's some kind of violation as to what as a violation of Strickland prejudice as they've argued in their brief well we didn't you can see that if it wasn't understanding that the deal would not oppose him getting him burns getting out on bail after he testified now we're talking Brady yes absolutely I would I would agree with that your honor the problem is they've never actually advanced a Brady claim in fact I don't think even in their reply brief which is the closest they've come to it they don't name it and in fact their footnotes in their brief they say the prosecution's conduct appears comparable but that's a significant phrase well they'd have a procedural default problem then with Brady's that what you're saying exactly your honor and to answer your question chief judge as to why the defense attorney would file this motion I can only speculate and I'm not that I'm hesitant to do that without the benefit of a record to back that up but one thing that I can point to that's in the record if you look at the cross-examination of mr. Burns he testified I was already found not guilty by a jury such as yourself on my large case and if you look at the joint appendix to the Commonwealth's answer to the PCRA petition and if I could have one moment if you look to the joint appendix at page 605 in a footnote footnote the Commonwealth responds that excuse me doing appendix 606 that Burns was actually charged with rape of a child and proceeded to a jury trial and he was found not guilty on June 26th of 2007 that predated the trial and mr. Carnaval's case given all of those circumstances I think inferentially that perhaps one reason they filed this motion again is they assumed there's a change in status number one number two they filed what motion the motion for nominal bond your honor well you really are taking us deep into speculation land here right so let me ask you a slightly different question which is the district court here magistrate judge looking at this case said that the PCRA court and this court have both determined the sufficiency the evidence claim is without merit but they were making a way to the evidence argument right that is correct isn't that a different legal argument yes okay so isn't that error on the district courts part that the district court just shank it well your honor with the Delaware term I'm not quite sure it appears to be that the district court was addressing a theory other than the theory being advanced and a way to the evidence theory is that is that a problem um I would say it is not a problem your honor and that is because the standard of review this is de novo looking at the state record if we assume that the district court made error and so I think this court could affirm the decision on any basis and to that end and then so we should look at the record ourselves and make it a judgment that's what you're saying so if we did that should we be troubled by the fact that as Miss Ziddy and mr. Rankin have pointed out we're dealing with a case that was cold for more than a decade where nobody was an eyewitness to the crime there's no forensic evidence tying mr. Carnivalic to the crime your case hinges on him coming up after the fact and being at the scene with a bunch of other people and you got a jailhouse snitch and that's enough to put this guy away that's that's the case that your prosecutors chose to put on should we be troubled by that if we're weighing this stuff on our own well your honor two things if you're troubled by it in the terms of the facts itself I mean I would certainly agree that it's a circumstantial case well it's not just circumstantial it's it's so thin as to be it's a fair world yeah it's it's disturbing to think that somebody's going to spend years in jail because Sean Burns comes forward and says in a statement that for one could easily read and say looks like you've just been checking the boxes off the police report and says hey he opened his heart to me you know that that's your case well your honor the weight of the evidence claim and I think this is part of what the district courts possible would you collateral counsel on the state court side actually disagreed with a precise claim that is being made here today by the appellants he stated that attorney Walker should not have even included these documents as part of his appeal and I actually agree with that conclusion because the weight of the evidence claim and I think this gets back to a question you asked earlier judge Jordan under Estelle v. McGuire that's a state law question well the question that I'm putting to you now is their assertion is there is clearly prejudice here because in some form or fashion the attack on Burns should have been made whether it was by attaching the documents or not the attack on Burns should have been made and wasn't made because of either it was hidden by the whatever and a line of attack was sealed off they seem to want us to focus back on understandably how remarkably thin the evidence was tying Mr. Carnevale to this crime so that you said to us just now even if the district court blew it and asked about sufficiency evidence you can go ahead and look at this as a way to the evidence claim so the question I'm putting to you is if we're looking at the record and we're asking about the weight of the evidence how do you defend the weight of the evidence in this case well your honor the weight of the evidence claim was addressed by the Superior Court on PCRA appeal that is when the state court for the first time had the claim that the weight of the evidence the actual weight of the evidence claim before it I would say these documents and to some extent they're it's difficult because they won't precisely say whether or not this is after discovered evidence or not if it is after discovered evidence by definition it is not a way to the evidence claim because you're looking at the information that the jury had before it that claim bond was granted after Carnevale's trial was it your honor I would have to look at the site's exhibit but I believe it was after the trial so it could not have been discovered before trial has to be after discovered evidence correct and if it is that's a different claim than the weight of the evidence claim that they're advancing they're assuming then they're asking this court to assume the truth of their allegations that this plea deal was the result of some kind of deal between the Commonwealth and mr. Burns but they won't directly allege that when I did something to eliminate all this confusion and all this technical jousting and tilting the windmills why didn't we just demand this for a hearing have the system VA come in and we can find out it wouldn't be we but the court can find out whether or not there was some kind of a wink and a nod here or why was it that two weeks after nominal bond is denied all of a sudden poof it gets nominal bond and he just happens to have testified favorably for the government in the meantime when I just have a hearing to resolve that wouldn't that be in the interest of the I would certainly agree that it's troubling that if there is a deal in place certainly that is a problem I would say in terms of whether or not this court is constrained under EDPA from doing so that all gets to whether or not this claim has been procedurally defaulted I will say though your honor that I did raise this exact issue in my brief when it came to terms of relief and I believe in the reply brief they once again asked this court to grant a new trial I would agree that if if this court were to find that some type of Brady claim was alleged which I would disagree with because I don't think it ever was that the proper recourse would be for a remand let me ask you if you've been hearing their truck was going by okay if you could repeat your question thank you yeah just getting to it you seem to be implying that they could not the appellant could not have made both a way to the evidence claim and an after-discovered evidence claim but they could could they not be making an after-discovered evidence claim about a deal with Burns and also be making a way to the evidence claim independent of that simply saying that this shocks the conscience it meets the state law standard under Commonwealth versus Chamney of being so dumb so weak a case that the conviction amounts to a shocking of the conscience I mean as a as a logical matter they're not precluded from making both those claims are they no your honor okay so let's let's ask about that way the evidence assume that he hadn't been seen at the scene at all take that piece out and all all you had was his acknowledgement that he'd been in and out of there before on previous occasions and then the jailhouse snitch is that enough to send somebody away for years in this context your honor are you speaking of the jailhouse informants excuse me jailhouse snitches testimony is accepted as true in light of all this evidence that is presented here if it's a way to the evidence case you don't have to on its efficiency of the evidence argument you have to accept it in the light most favorable right but on the way the evidence you don't have to do that right no your honor right so we're just asking whether this shocks conscious and I have nothing against mr. Burns you know quote jailhouse snitch I quote I'm I'm deliberately casting it in a with the somewhat negative spin for the benefit of mr. Carvalho but an informant from jail and that's really all you had if that's all you had is that enough to send somebody away for years for life actually I think the United States Supreme Court I would say that is a state law question as I'm asking it as a state law question the state law is does it shock the conscience no we'd be shocked that somebody can go away on nothing more than Sean Burns's word that yeah he just he spilled it all to me well well your honor I know that you asked if you subtract out the fact that he was placed at the scene by just playing a hypothetical with you now if it were just Sean Burns what would you do what would that be shocking your honor if the jury accepted it I do not think it would be shocking if they believe that upon cross-examination which occurred in this case that he is telling the truth I think the rule otherwise would be to essentially say the Commonwealth is foreclosed from ever prosecuting this case even if it's this confession comes across to their office to some extent I think are well that's that is a natural result right that there are cases that are so poor that in light of a his proof beyond a reasonable doubt standard you shouldn't prosecute them correct your honor and by definition those cases never make it to these appellate courts because the prosecutor has elected to acknowledge that with a case wasn't wasn't mr. Carnevale in jail because he was arrested for this arson this murder at the time he made the confession to Burns yes your honor he was arrested in California by detectives once the court case file was opened he was brought back to the Allegheny County Jail and in fact in their direct appeal brief by mr. Frank Walker you know again this gets to what climb are they raising he states that the informant magically appears or excuse me that he magically appears in the same area as mr. Burns so yes he was in jail as a result of because that the the interest of the prosecution at this point bringing mr. Burns back basically on the fact that he was seen in the vicinity I'm sorry mr. Carnevale that he was seen in the vicinity at the time of the arson scene coming out of the basement that's the only evidence they had till they got the mr. Burns's testimony and it makes it in my mind all that more likely that the prosecution knowing they didn't have enough to prosecute mr. Burns are saying to go in there talk to him see we can get out of him that the lack of evidence was what impelled the putting of mr. Carnevale and mr. Burns together well your honor I don't know if they were to the extent that you're suggesting they were placed there together deliberately I don't think there's anything in the record to support that and again that would be something that would be more appropriate for any kind of evidentiary hearing but I would say that you know we don't this precise argument was not explored that would be something I believe that was would come up as a challenge to the lower court denying the habeas motion which was filed before the court of common pleas and was denied and I don't believe that was ever challenged on direct appeal or in PCRA appeal but that extent your honor I mean as a matter of police tactics would they be if they can speak to him sure I don't I don't doubt that but I don't think there's anything in the record to support that the Commonwealth put these two together in the hopes of that would occur but they had at the time they did that they really had no significant evidence against mr. Carnevale except the one witness who said he saw him come out of the basement yes your honor okay thank you she said no we don't deserve to thank miss mrs. Indian and mr. Rankin for your arguments and also mr. Rowe for your assistance we'll take the matter under advisement